[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15710
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-01518-WMA


PETRU-AURELIAN SIMIONESCU,

Plaintiff-Appellant,

versus

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ALABAMA, THE,

Defendant-Appellee,

MALCOLM PORTERA,
individually and in his official capacity, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 11, 2012)

Before BARKETT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Petru Aurelian Simionescu, formerly an instructor at the University of Alabama at Birmingham ("UAB"), appeals from an adverse summary judgment in favor of the Board of Trustees of the University of Alabama ("the Board") and dismissal of his claims against individual defendants in Simionescu's employment discrimination lawsuit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), 42 U.S.C. §§ 1981, 1983, 1985, 1986, and alleging common law tort claims under Alabama law.

On appeal, Simionescu asserts that the district court judge was biased against him. Simionescu also argues that the district court erred in dismissing his state law claims and conspiracy claims, brought pursuant to 42 U.S.C. § 1985(3), against the individual defendants, because the court did not cite any law in support of the dismissal of those claims and the evidence supported his conspiracy claims. Simionescu asserts that the district court abused its discretion by not allowing Simionescu access to his supervisor's course evaluations, another faculty member's faculty file, and the Board's offer letters to three other faculty members on the ground that none of these individuals were proper comparators and thereby erred by determining that he had not established a prima facie case of

discrimination. Finally, Simionescu argues that the district court erred in determining that the Board's reasons for terminating Simionescu were not pretextual. We address each claim in turn.

## I.

Simionescu argues that the district judge was biased against him. However, because we generally do not consider on appeal issues which a party failed to raise before the district court, Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004), we do not consider Simionescu's claim of bias as he failed to raise it before the district court by way of recusal motion or any other motion or pleading.

## II.

Simionescu attempts to appeal the district court's dismissal of his complaint against individual defendants. However, in a civil case, a party must file a notice of appeal with the district court within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). In the event that the district court clerk fails to enter a judgment when appropriate, the default is cured as a matter of law by the passage of 150 days from the entry of the underlying order. Fed. R. App. P. 4(a)(7)(A)(ii).

The district court dismissed Simionescu's complaint against the individual

defendants and later made that dismissal a final order on September 10, 2010.

Although no judgment was subsequently entered, the defect was cured 150 days

after the district court's September 10, 2010 order.  See Fed. R. App. P.

4(a)(7)(A)(ii).  Accordingly, Simionescu's December 1, 2011 notice of appeal was

untimely as to the dismissal of his complaint against the individual defendants

because it was filed more than 30 days after the 150 day cured final judgment was

entered against him.

### III.

Simionescu also contends that the district court erred in determining that

two other faculty members at UAB, Tina Oliver and W. David Merryman, could

not serve as comparators for purposes of Simionescu's Title VII intentional

discrimination claim.  Where, as here, a plaintiff seeks to prove an intentional

discrimination claim using the burden-shifting framework set out in McDonnell

Douglas Corp. v. Green, 411 U.S. 792 (1973), the plaintiff may prove a prima

facie case of disparate treatment by showing that he was a member of a protected

class and was subjected to an adverse employment action in contrast to similarly

situated employees outside the protected class.  Wilson v. B/E Aerospace, Inc.,

376 F.3d 1079, 1087 (11th Cir. 2004).  In determining whether comparator

employees were similarly situated, the district court should consider whether they

were involved in, or accused of, the same or similar conduct and disciplined differently. See Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

Here, Oliver and Merryman were not sufficiently similarly situated to Simionescu because Oliver, unlike Simionescu, was not a tenure-track professor and had received far fewer negative reviews than Simionescu had, and Merryman taught in a different department from Simionescu, had a different supervisor, and Simionescu did not make any claims about the quality of Merryman's teaching. Because Simionescu failed to identify any similarly situated comparators, Simionescu failed to establish a prima facie case of discrimination, and the district court did not err in granting summary judgment on this issue. See Wilson, 376 F.3d at 1087; Maniccia, 171 F.3d at 1368.

IV.

Simionescu also challenges the district court's denial of his motion to compel discovery to obtain documents pertaining to other faculty members.[1] However, these documents would have been relevant only if the faculty members were proper comparators for purposes of Simionescu's Title VII claim, and none of the faculty members were proper comparators because each occupied a different

---

[1] We review a denial of a motion to compel discovery for abuse of discretion. Holloman v. Mail–Well Corp., 443 F.3d 832, 837 (11th Cir. 2006).

position from Simionescu or had not received comparable negative reviews of their respective performances. Moreover, Simionescu's motion was denied for additional reasons, including that he had failed to comply with the district court's scheduling order and his discovery requests were overly broad and generic, and Simionescu does not challenge the district court's determinations as to these deficiencies. The district court did not abuse its discretion by denying Simionescu's motion to compel discovery of documents relating to these individuals.

V.

Simionescu also argues that the district court erred in determining that the Board's reasons for terminating him were not pretextual. Under the McDonnell Douglas framework, once a plaintiff establishes a prima facie case of discrimination and the employer has offered a legitimate, nondiscriminatory reason for its employment action, the burden shifts to the plaintiff to offer evidence that the reason is pretextual. See Wilson, 376 F.3d at 1087. A plaintiff may show pretext either "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (internal quotation marks

6

omitted).

Simionescu has conceded that there were problems with his teaching and that he had received overwhelmingly negative teaching evaluations. Although Simionescu claims that two other faculty members and his supervisor had incited students to write complaints about his teaching, Simionescu admitted that these assertions were based on speculation, and he failed to present any evidence to prove them. Simionescu has also failed to present evidence, other than his own speculative opinions, to support his additional theories that he was fired because UAB undervalued his teaching and because he complained about a fellow-employee's alleged neglect of her duties.

**AFFIRMED IN PART, DISMISSED IN PART.**